Japnaam K. CHANDOK; Norma K. Chandok; Davinder S. Chandok, Petitioners,

v.

Alberto GONZALES, Attorney General,* Respondent.

No. 02–74076.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2005.

Decided Sept. 8, 2005.

Hector M. Roman, Jr., Esq., Roman & Singh, LLP, Jackson Heights, NY, for Petitioners.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

Regional Counsel, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Deborah N. Misir, Esq., Isaac R. Campbell, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Norma K. Chandok [1] petitions for review of the Board of Immigration Appeals' denial of her application for asylum and withholding of removal. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (internal quotation marks omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc).

Chandok's claim to asylum fails because she did not present evidence so compelling that a reasonable factfinder had to decide in her favor. Although the evidence indicated that the authorities were not always sensitive to her and her husband's religious beliefs, it did not compel a conclusion that those authorities engaged in conduct that can be called persecutory. *See Fisher*, 79 F.3d at 961 "(Persecution is an extreme concept....)." Nor did it compel a conclusion that she has a well-founded fear that the authorities will engage in persecution in the future.[2]

Petition DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Her two minor children also petition, but their claims do not differ from hers and what we say as to her claim applies also to theirs.

2. Because Chandok did not meet the eligibility requirements for asylum, she was not entitled to withholding of removal. *See Ghaly*, 58 F.3d at 1429.